IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA, )
       Respondent, )
                           ) CASE NO.
                           ) 96-00114-001
vs. )
                           ) APPOINTMENT OF COUNSEL REQUESTED
VICTOR GONZALEZ, ) WITH A EVIDENTIARY HEARING
       PETITTIONER PRO SE. )
                           )

## MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. §3582(c)(2)

Petitioner comes before this Court seeking the reduction of his prison sentence pursuant to 18 U.S.C. §3582(c)(2) 2000. He asks that this Court give retroactive effect to Amendment 591 under U.S.S.G. §1B1.10 and reduce his sentence from life to _____ months. The Sentencing Commission has expressly designated Amendment 591 as one that may be applied retroactively. U.S.S.G. §1B1.10(c), ps. (2000).

Amendment 591—The statutory index indicates that for RICO offenses, U.S.S.G. §2E1.1 is the applicable guideline section and U.S.S.G. §2A1.1 was the section utilized for Petitioner. Amendment 591 addresses the improper consideration of actual, but uncharged, conduct in selecting the applicable guideline. In this particular case the district court choose §2A1.1. The Statutory provisions of §2A1.1 include 18 U.S.C. §§1111, 2113(e), 2118(c)(2); 21 U.S.C. §848(e) and does not include U.S.S.G. §§1961(d) and 1962(c). The District Court applied a guidelines that was not included under

§2E1.1. Under the statutory provisions of 18 U.S.C. §1962(d), and 1962(c) the base offense would be 19 a sentence of 46 months.

The Fourth Circuit has previously ruled in **U.S. v. Locklear, 24 F.3d 641 (4th Cir. 1994)** finding that §2D1.2 does not apply to convictions under 21 U.S.C. §841 based on the fact that the Commentary to §2D1.2 lists as the "Statutory Provisions" to which is applicable 21 U.S.C. §§859, 860, and 861 but not §841.

In this case §2A1.1 does not apply to convictions under 18 U.S.C. §1962 (d) and 18 U.S.C. §1962(c) based on the fact that the Commentary to §2A1.1 lists as the "Statutory Provisions" to which it is applicable is 18 U.S.C. §§1111, 2113(e), 2118(c)(2); 21 U.S.C. §848 only.

So accordingly §2A1.1 does not apply. The District Court's decision has now been overruled by Amendment 591. The guidelines commentary and policy statements interpreting a guideline, or prohibiting a district court from taking a specified action, are authoritative and binding on the courts. **U.S. v. Levi, 2 F.3d 842, 845 (8th Cir. 1993)**, citing **Stinson v. U.S., 508 U.S.___, 123 L.Ed.2d 598 (1993).**

-2-

## C O N C L U S I O N

For the Above Reason, the Petitioner's Motion For Modification of Sentence should be granted. The Petitioner should be resentenced taking into account the aforementioned retroactive guideline.

Respectfully submitted,

/x/ *Victor Gonzalez*
Victor Gonzalez, Pro Se
Reg. No. 19769-050
F.C.C.—U.S.P. Coleman-2
P.O. Box 1034
Coleman, Florida 33521-0879

CERTIFICATE OF SERVICE

I, Victor Gonzalez, hereby certify that a true and correct copy of the foregoing was sent via 1st Class Postage Mail to:

United States Attorney's Office
970 BROAD STREET
ROOM 502
Newark, New Jersey 07102

Under penalty of perjury 18 U.S.C. §1746.

Done this __22__ day of January 2007.

Respectfully submitted,

/X/ _Victor Gonzalez_
Victor Gonzalez, Pro Se
Reg. No. 19769-050
F.C.C.—U.S.P. Coleman-2
P.O. Box 1034
Coleman, FL 33521-0879