NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES, | : | |
| Plaintiff, | : | Crim. No. 08-0891 (DRD) |
| v. | : | **O P I N I O N** |
| VICTOR GONZALEZ, | : | |
| Defendant. | : | |

Victor Gonzalez, #19769-050
FCI Cumberland
P.O. Box 1000
Cumberland, MD  21501
    *Defendant/Movant, Pro Se*

Paul J. Fishman
United States Attorney
District of New Jersey
970 Broad Street, Suite 700
Newark, NJ  07102
    *Attorneys for United States*

**Debevoise, Senior U.S. District Judge**

    Defendant *pro se*, Victor Gonzalez, moves to amend his 1997 judgment of conviction to eliminate the provision that the $10,000 fine be paid in full immediately, and to replace it with the requirement that the fine be paid in installments at the rate of $25 every three months.  For the reasons set forth below, the motion will be denied.

**BACKGROUND**

In 1996, Victor Gonzalez was convicted of conspiracy to engage in a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d), engaging in a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c), and related offenses. Predicate acts for the racketeering offenses included conspiracy to commit murder and murder. On March 18, 1997, Gonzalez was sentenced to three concurrent terms of life in prison. The Court of Appeals for the Third Circuit affirmed the conviction and sentence on March 13, 1998. In 2007, Gonzalez filed a motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c), arguing that his base offense level should have been 19 instead of 43. The motion was denied on March 28, 2007, and the Court of Appeals affirmed the Order denying the motion on October 15, 2007.

Gonzalez filed the instant motion to amend the judgment of conviction on November 19, 2014. The judgment of conviction, which was filed on March 26, 1997, imposed three concurrent life sentences, a special assessment of $150, and a fine of $10,000 to be paid in full immediately. The judgment provided that, "[w]hile in custody[,] the defendant may participate in the Bureau of Prisons Inmate Financial Responsibility Program." United States v. Gonzalez, Crim. No. 96-0114 judgment (D.N.J. Mar. 26, 1997).

In the motion before this Court, Gonzalez argues that the Court erred by ordering him "to pay a Fine without specifying in the Fine Order the manner and schedule of payments to be made," and by failing to set a payment schedule. (ECF No. 631 at 2.) Gonzalez states that he earns only twelve cents a month and it is difficult for him to make the payments specified in the

Inmate Financial Responsibility Program schedule.[1] Gonzalez asks this Court to amend the judgment of conviction to specify that he pay the fine in quarterly installments of $25.

## DISCUSSION

At the time a district court imposes a sentence, the court must consider several factors in determining whether to impose a fine and, if the court imposes a fine, to determine the amount, the time for payment, and method of payment. See 18 U.S.C. § 3572(a). A person sentenced to pay a fine "shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments." 18 U.S.C. § 3572(d)(1).[2] The government is authorized to file a petition in the sentencing court for modification or remission of a fine, see 18 U.S.C. 3573, but a defendant who is sentenced to pay a fine immediately is authorized to file a motion to adjust the payment schedule only if the judgment of conviction "permits other than immediate payment." 18 U.S.C. § 3572(d)(3).[3]

---

[1] Gonzalez does not indicate how much he has to pay under the Inmate Financial Responsibility Program.

[2] Although 18 U.S.C. § 3664(f)(2) mandates that the sentencing order include a payment schedule for payment of restitution, there is no analogous requirement for the imposition of a fine. See United States v. Ellis, 522 F.3d 737, 738-39 (7th Cir. 2008); Gonzalez-Rivera v. Holt, 361 F.App'x 419 (3d Cir. 2010).

[3] Section 3572(d)(3) provides:

> A judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine. Upon receipt of such notice the court may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C. § 3572(d)(3).

Gonzalez acknowledges in his motion that the judgment imposing the $10,000 fine requires him to pay it "immediately." By its terms, § 3572(d)(3) does not apply where the judgment requires immediate payment of a fine. See United States v. Seale, 20 F.3d 1279, 1286 n.8 (3d Cir. 1994) (noting that, while 8 U.S.C. § 3573 previously permitted a defendant to petition the sentencing court to remit or modify a fine, "[u]nder the present statutory scheme, this right no longer exists."); see also United States v. Wynn, 328 F.App'x 826, 828 (3d Cir. 2009) ("The statute[, 18 U.S.C. § 3572(d)(3),] by its terms does not apply where the fine is due immediately and . . . it does not permit the District Court to remit a criminal fine."). Because Gonzalez's judgment does not permit payment of the $10,000 fine in installments, this Court lacks the power to order payment of Gonzalez's fine in installments. See Wynn, 328 F.App'x at 828. His motion to amend the judgment of conviction to order installment payments of the fine will be denied and the Court will enter an appropriate Order.[4]

    s/Dickinson R. Debevoise
    DICKINSON R. DEBEVOISE
    U.S.S.D.J.

Dated: January 16, 2015

---

[4] If Gonzalez is objecting to the manner in which the BOP is encouraging him to pay the fine under the Inmate Financial Responsibility Program, see 28 C.F.R. § 545.10 and § 545.11, then he may elect to withdraw from participation in the program or he may challenge the BOP's implementation of the program by way of a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, filed in the district of confinement. See McGee v. Martinez, 627 F.3d 933, 937 (3d Cir. 2010); Jordan v. Holt, 488 F.App'x 587, 588 (3d Cir. 2012); Duronio v. Werlinger, 454 F.App'x 71 (3d Cir. 2011).