<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>VICTOR GONZALEZ,<br><br>                Respondent. | Crim. No. 96-0114 (DRD)<br><br>OPINION |

**APPEARANCES**:

    VICTOR GONZALEZ, #19769-050
    FCI Cumberland
    P.O. Box 1000
    Cumberland, MD   21501
        *Movant, Pro Se*

    PAUL J. FISHMAN, United States Attorney
    970 Broad Street, Suite 700
    Newark, NJ 07102
        *Attorney for United States*

**Debevoise, Senior U.S. District Judge**

Defendant Victor Gonzalez moves for relief from his 1997 judgment of conviction pursuant to Rule 60(b)(6) of the Federal Rules of Criminal Procedure.  (ECF No. 634.)  Because Gonzalez is not a victim of a crime, Fed. R. Crim. P. 60 is not applicable and the motion will be denied to the extent it relies on Fed. R. Crim. P. 60.  Even if the Court were to construe the motion as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6), Gonzalez would not be entitled to relief because that rule does not apply in criminal proceedings.  See <u>United States v. Mosavi</u>, 138 F.3d 1365, 1366 (11th Cir. 1998); <u>United States v. Lebron</u>, No. 14-3328, 2015 WL

1

1431529 at *1 (3d Cir. Mar. 31, 2015); Gray v. United States, 385 F.App'x 160 (3d Cir. 2010); see also United States v. Washington, 549 F.3d 905, 912 n. 6 (3d Cir. 2008).  The Court will deny the motion.

## BACKGROUND

In 1996 Victor Gonzalez was convicted of conspiracy to engage in a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d), engaging in a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c), and related offenses.  Predicate acts for the racketeering offenses included conspiracy to commit murder and murder.  On March 18, 1997, Gonzalez was sentenced to three concurrent terms of life in prison.  See United States v. Gonzalez, Crim. No. 96-0114 judgment (D.N.J. Mar. 26, 1997).  The Court of Appeals for the Third Circuit affirmed the conviction and sentence on March 13, 1998.

On March 12, 1999, Mr. Gonzalez filed a pro se motion to vacate the sentence pursuant to 28 U.S.C. § 2255.  See Gonzalez v. United States, Civ. No. 99-1183 (JWB) sl. opinion (D.N.J. Aug. 30, 2005).  Gonzalez claimed:  (1) the Court abused its discretion in permitting Special Agent Higgins to testify as an expert; (2) Gonzalez should have been allowed to join in arguments raised by his co-appellants; (3) trial and appellate counsel provided ineffective assistance in violation of the Sixth Amendment; and (4) his sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000).  On August 30, 2005, then Chief Judge John W. Bissell ~~On March 12, 1999, Mr. Gonzalez filed a pro se motion to vacate the sentence pursuant to 28 U.S.C. § 2255.  See Gonzalez v. United States, Civ. No. 99-1183 (JWB) sl. opinion (D.N.J. Aug. 30, 2005).  On August 30, 2005, then Chief Judge John W. Bissell~~ denied the § 2255 motion on the merits.  The Court of Appeals for the Third Circuit denied a certificate of appealability on September 6, 2006.

In 2007 Gonzalez filed a motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c),

2

arguing that his base offense level should have been 19 instead of 43.  The motion was denied on March 28, 2007, and the Court of Appeals affirmed the Order denying the motion on October 15, 2007.

In November 2014 Gonzalez filed a motion to amend his 1997 judgment of conviction to eliminate the provision that the $10,000 fine be paid in full immediately, and to replace it with the requirement that the fine be paid in installments at the rate of $25 every three months.  On January 16, 2015, this Court denied the motion.

On March 19, 2015, Gonzalez filed a second motion under 28 U.S.C. § 2255 to vacate the 1997 sentence.  See Gonzalez v. United States, Civ. No. 15-2080 (DRD) (D.N.J. filed Mar. 24, 2015).  The motion raised four grounds:  (1) the indictment did not charge an offense against the United States; (2) the indictment failed to charge the aiding and abetting statute; (3) the indictment did not charge Gonzalez under the penalty provision of paragraph (B) of 21 U.S.C. § 846 or § 841; and (4) counsel provided ineffective assistance in violation of the Sixth Amendment.  On April 2, 2015, this Court denied the motion for lack of jurisdiction because it was a second or successive § 2255 motion that had not been authorized by the Court of Appeals.

Gonzalez has now filed a motion pursuant to Fed. R. Crim. P. 60(b)(6) in which he challenges his judgment of conviction on the same grounds he raised in his second § 2255 motion:  (1) the indictment did not charge an offense against the United States; (2) the indictment did not adequately charge aiding and abetting; (3) the indictment did not charge Gonzalez under the penalty provision of paragraph (B) of 21 U.S.C. §§ 841 and 846; and (4) counsel was ineffective in failing to raise these challenges to the indictment.  (ECF No. 634.)

## DISCUSSION

**A.  Fed. R. Crim. P. 60(b)(6)**

Gonzalez labeled his motion to vacate his judgment of conviction as a motion under Fed. R. Crim. P. 60(b)(6).  (ECF No. 364 at 1.)  Rule 60 of the Federal Rules of Criminal Procedure is entitled "Victim's Rights."  This rule incorporates 18 U.S.C. § 3771, which sets forth the rights of crime victims.  The subsection of Fed. R. Crim. P. 60(b) to which Gonzalez refers provides that the failure to afford a crime victim any right described in the rules does not provide a basis for a new trial.  See Fed. R. Crim. P. 60(b)(6) ("A failure to afford a victim any right described in these rules is not grounds for a new trial.")

Gonzalez is not authorized to apply for relief pursuant to Fed. R. Crim. P. 60(b)(6) because he is not a crime victim.  Accordingly, this Court will deny the motion under Fed. R. Crim. P. 60(b)(6).

**B.    Fed. R. Civ. P. 60(b)(6)**

As Rule 60(b) of the Federal Rules of Civil Procedure permits a district court to relieve a party from a final judgment when the movant shows "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6), it is conceivable that Gonzalez intended to rely on this rule.  However, "Rule 60(b) cannot be used as an independent means to relieve a defendant of a judgment in a criminal case, because the Federal Rules of Civil Procedure are not applicable in criminal cases."  Gray, 385 F.App'x at 162; see also United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case."); Lebron, 2015 WL 1431529 at *1 (holding that Fed. R. Civ. P. "60 simply does not apply in criminal proceedings"); Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts . . .").  Accordingly, the motion will be denied under Fed. R. Civ. P. 60(b)(6).

"The appropriate vehicle for a criminal defendant seeking to challenge his or her conviction or sentence is a motion under 28 U.S.C. § 2255."  Gray, 385 F.App'x at 162-63; see also United

States v. Bush, 457 F.App'x 94, 96 (3d Cir. 2012) ("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention.") (quoting Lorensten v. Hood, 223 F.3d 950, 953 (9th Cir. 2000)). However, Gonzalez previously filed a § 2255 motion that was denied on the merits and he may file another § 2255 motion only if he obtains authorization from the Court of Appeals. See 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h) & Rule 9; In re Olabode, 325 F.3d 166, 169 (3d Cir. 2003); United States v. Miller, 197 F.3d 644, 649 (3d Cir. 1999). Because nothing before the Court shows that the Court of Appeals has authorized Gonzalez to file a second or successive § 2255 motion, this Court will not construe Gonzalez's motion as a motion under § 2255.

This Court will deny Gonzalez's motion as he has provided no basis for relief. See Washington, 549 F.3d 912-17.

## CONCLUSION

Based on the foregoing, the Court denies the motion.

                                               s/Dickinson R. Debevoise
                                               **DICKINSON R. DEBEVOISE**
                                               **U.S.S.D.J.**

Dated: May 14, 2015