IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Crim. No. 96-114-1 (RBK) |
| v. | : | **OPINION** |
| VICTOR GONZALEZ, | : | |
| Defendant. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant Victor Gonzalez's Motion for Reduction of Sentence under the First Step Act ("Motion") (ECF No. 691). For the reasons set forth below, Gonzalez's Motion is **DENIED**.

**I.     BACKGROUND**

Gonzalez is an inmate in federal custody at United States Penitentiary Lee ("USP Lee"). (ECF No. 694, "Govt. Opp'n" at 2). In November 1996, a jury convicted Gonzalez of conspiracy under the Racketeering Influenced and Corrupt Organizations Act (RICO), substantive RICO offenses, and conspiracy to distribute heroin. (*Id.* at 1). In March 1997, the trial court sentenced him to life in prison. (*Id.* at 2). The Third Circuit affirmed Gonzalez's sentence and conviction in March 1998. (*Id.*)

On February 19, 2021, Gonzalez submitted a request for compassionate release to the USP Lee warden. (*Id.*) The warden denied this request on March 16, 2021. (*Id.*). On July 16, 2021, Gonzalez filed this Motion with the Court seeking a reduction in his sentence under 18 U.S.C. § 3582(c)(1)(A) based on his hypertension, hyperlipidemia, and obesity and risk of

1

exposure to COVID-19. (Motion at 9–11). The United States opposes Gonzalez's Motion. (*See generally* Gov't Opp'n).

## II. LEGAL STANDARD

Section 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act, provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). The changes implemented by the First Step Act's amendment allow prisoners to directly petition the court, as opposed to the Bureau of Prisons ("BOP"), for a reduction in sentence under 18 U.S.C. § 3852(c)(1)(A)(i) provided, however, they satisfy the exhaustion requirements first. *United States v. Rodriguez*, 451 F. Supp. 3d 392, 396 (E.D. Pa. 2020).

As such, the first step for a defendant in a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is to exhaust any available administrative remedies. *United States v. Babbitt*, 496 F. Supp. 3d 903, 907 (E.D. Pa. 2020). To exhaust administrative remedies, a defendant must first present his request for compassionate release to the warden. *United States v. Raia*, 954 F.3d 594, 595–96 (3d Cir. 2020). Thirty days after submitting the request or after receipt of an adverse decision, whichever is earlier, the defendant may move for compassionate release in the district court. *Id.*; *Babbitt*, 496 F. Supp. 3d at 907. At the second step, a defendant

must show that "(1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Rivera*, No. CR 06-849 (NLH), 2022 WL 1284717, at *1 (D.N.J. Apr. 29, 2022) (*quoting United States v. Pabon*, Crim. No. 17-165-1, 2020 WL 2112265, at *2 (E.D. Pa. May 4, 2020)).

"Extraordinary and compelling reasons" are not defined by statute. Rather, Congress tasked the United States Sentencing Commission with providing a definition. Congress's only instruction to the Commission was that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). The Commission provided such a definition in U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). There, the Commission explained that extraordinary and compelling reasons exist where there is:

> (A) terminal illness diagnoses or serious medical, physical or mental impairments from which a defendant is unlikely to recover, and which "substantially diminish" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence; or (C) two family related circumstances: (i) death/incapacitation of the only caregiver for the inmate's children or (ii) incapacitation of an inmate's spouse, if the inmate is the spouse's only caregiver.

U.S.S.G. § 1B1.13, cmt. n.1(A)–(C). In subsection (D) of the Application Note to U.S.S.G. § 1B1.13, there is a catchall provision that gives the Director of the BOP the authority to determine if "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with" the other three categories. *Id.* cmt. n.1(D). The definition of "extraordinary and compelling reasons" has not been updated since the First Step Act's enactment.

The Third Circuit recently held that Section 1B1.13's definition of "extraordinary and compelling reasons" does not bind courts when considering prisoner-initiated motions. *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021), *cert. denied*, 142 S. Ct. 1446 (2022).

Nonetheless, Section 1B1.13 "still sheds light on the meaning of extraordinary and compelling reasons" and can provide a useful guide for courts considering compassionate release motions. *Id.* at 260 ("[T]he District Court did not err when it consulted the text, dictionary definitions, and the policy statement to form a working definition of 'extraordinary and compelling reasons.'").

### III.  DISCUSSION

The Court notes at the outset that Gonzalez spends part of his motion attacking the validity of his sentence and arguing that it is unconstitutional. (Motion at 23–26). The Court declines to consider those arguments as "[Section] 3582(c)(1)(A) provides a mechanism to seek a reduction in the term of a sentence, not to challenge its validity." *United States v. Handerhan*, 789 F. App'x 924, 926 (3d Cir. 2019); *United States v. McLean*, No. 21-2301, 2021 WL 5896527, at *2 (3d Cir. Dec. 14, 2021).

The United States agrees that Gonzalez satisfied the first step—exhaustion of administrative remedies. (Gov't Opp'n at 2). Gonzalez sought compassionate release from the USP Lee warden, which the warden denied. (*Id.*). Therefore, the Court must consider whether Gonzalez has satisfied the second step of the analysis. We find that Gonzalez has not shown that extraordinary and compelling reasons warrant a reduction in his sentence.

#### A.  Extraordinary and Compelling Reasons

Gonzalez asserts that the COVID-19 pandemic, combined with his hypertension, hyperlipidemia, and obesity, constitutes extraordinary and compelling circumstances warranting compassionate release. (Motion at 9–11). Gonzalez contends that COVID-19 has caused "at least 277" BOP inmate deaths. (ECF No. 698, "Reply" at 3.)

The mere "existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and

4

every prisoner[.]" *United States v. Roeder*, 807 Fed. App'x 157, 161 n.16 (3d Cir. 2020). Most defendants who successfully move for compassionate release related to COVID-19 through Section 3582(c)(1)(A) demonstrate that: (1) they are particularly vulnerable to developing severe illness from COVID-19 due to age or a medical condition(s); and (2) there is "an actual, non-speculative risk of exposure to COVID-19 in the facility where [they are] held." *United States v. Somerville*, 463 F. Supp. 3d 585, 597–98 (W.D. Pa. 2020).

Gonzalez has not demonstrated that he faces an actual, non-speculative risk of exposure to COVID-19 at USP Lee. There are no active cases of COVID-19 among inmates at USP Lee and just one active case among staff. *Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Oct. 17, 2022). Moreover, 969 USP Lee inmates (about sixty-five percent of the total prison population) and 231 staff members have been fully vaccinated against COVID-19. *Id*; *USP Lee*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/lee/ (last visited Oct. 17, 2022). Additionally, inmates have been offered booster shots. *Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Oct. 17, 2022).

Vaccination greatly reduces the risk of COVID-19 exposure and infection. *See United States of America v. Martinez*, No. CR 16-503 (KM), 2022 WL 1320618, at *4 (D.N.J. May 2, 2022) ("The likelihood of a COVID-19 infection has also been greatly reduced by vaccination of [the defendant] and others at the prison."). Nonetheless, despite his purported concern about the risks of a COVID-19 infection, Gonzalez declined a COVID-19 vaccine. (Gov't Opp'n at 2). This weighs heavily against Gonzalez's argument that COVID-19 constitutes an extraordinary and compelling circumstance requiring his release. *See United States v. Shumate*, 2021 WL 2374621, at *2 (D.N.J. June 9, 2021) (noting that while the Court did not consider "vaccination

status alone to be a determinative factor, due to the ongoing inmate vaccination efforts it is appropriate for courts to consider the vaccination status of the defendant when considering compassionate release motions); *United States v. Fitzpatrick*, 2021 WL 2201683, at *4 (D.N.J. May 28, 2021) ("Defendant is within his rights to refuse the vaccine, but any corresponding argument that he must be released because of potential complications were he to contract the virus rings hollow."); *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[A] prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release. The risk is self-incurred.").

Putting his refusal to be vaccinated aside, Gonzalez still does not establish that the risks he faces from COVID-19, in light of his individual medical conditions and circumstances, are so extraordinary and compelling to justify compassionate release. Gonzalez asserts that his hyperlipidemia, hypertension, and obesity place him at a uniquely high risk of suffering grave illness if he contracts COVID-19. (Motion at 9–11).

According to the Centers for Disease Control & Prevention ("CDC"), hypertension and obesity may raise the risk of severe illness due to COVID-19. *People with Certain Medical Conditions*, CTRS. FOR DISEASE CONTROL & PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 17, 2022). Even so, courts have consistently found that just because an inmate has hypertension, obesity, or both during this pandemic, that is not enough, without more, to constitute an "extraordinary and compelling reason" warranting compassionate release. S*ee United States v. Johnson*, No. CR 18-578-01 (KM), 2022 WL 901468, at *4 (D.N.J. Mar. 28, 2022) ("Even in the pre-vaccine era, '[m]ultiple courts in this District have denied compassionate release to inmates suffering from

hypertension and obesity because this lower degree of risk does not establish extraordinary and compelling reasons to justify release on its own.'" (quoting *United States v. Manon*, No. CR 16-00460, 2022 WL 408958, at *3 (D.N.J. Feb. 10, 2022) (collecting cases))); *United States v. Ackerman*, No. CR 11-740-KSM-1, 2022 WL 1214172, at *3 (E.D. Pa. Apr. 25, 2022) ("In interpreting [the CDC] guidance, many courts in this Circuit have found that hypertension does not constitute an extraordinary or compelling reason to reduce a defendant's sentence.") (collecting cases).

Furthermore, hyperlipidemia is not considered a risk factor for serious consequences of COVID-19, and thus does not constitute an extraordinary and compelling reason to justify Gonzalez's release. *See United States v. Donley*, 2021 WL 6197633, at *4 (D.N.J. Dec. 30, 2021) ("Neither hypertension nor hyperlipidemia are conditions that generally support finding extraordinary and compelling reasons for compassionate release."); *United States v. Darby*, 2022 WL 1423089, at *3 (D.N.J. May 5, 2022) (determining that compassionate release is not appropriate for "commonplace, low-risk" medical conditions like hyperlipidemia).

The Court does not wish to minimize Gonzalez's concern for his well-being or the seriousness of the COVID-19 pandemic for those in custody. Still, Gonzalez has failed to demonstrate that his circumstances warrant release. He has not shown that he is at a uniquely high risk for severe illness from COVID-19, nor has he proven that there is currently an actual, non-speculative risk of exposure at USP Lee given the high vaccination rate and low incidences of COVID-19 within the facility.

In reaching this decision, we considered letters submitted to the Court by Gonzalez and his family and friends, including a former Camden County police officer, discussing his character and rehabilitative efforts. (*See* ECF Nos. 698, 699). Each of these letters is admirable,

however, they do not demonstrate extraordinary and compelling reasons for release. *Williams*, 2022 WL 950994, at *3 ("[W]hile this court applauds Defendant's efforts to rehabilitate himself during his incarceration by participating in classes and programs, these efforts do not demonstrate 'compelling and extraordinary reasons' that justify early release.").

### B.    Section 3553(a) Factors

An analysis of the Section 3553(a) factors further supports the denial of Gonzalez's request for release. In considering whether to reduce a defendant's sentence, a court must look to the factors contained in 18 U.S.C. § 3553(a). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a).

Gonzalez offers no argument as to how the factors weigh in his favor. By contrast, the United States argues that the factors weigh against release because Gonzalez has a lengthy criminal history, which includes running a criminal enterprise that distributed a massive amount of heroin and orchestrating and paying for the murder of a police informant. (Govt. Opp'n at 15).

The Court commends Gonzalez for the positive steps that he has taken during his incarceration detailed in his letter to the Court, but, nevertheless, the Court agrees with the United States that the § 3553(a) factors counsel against release. The nature and circumstances of Gonzalez's criminal history, which includes orchestrating the murder of a police informant, weigh against early release. (*Id.*) Further, given the heinous nature of the crimes for which

Gonzalez is currently incarcerated— detailed at length in the United States' opposition motion, (*see generally id.*)—the Court is mindful of the need for the sentence imposed to protect the public from future violence and afford adequate deterrence. Moreover, the Court believes that the present sentence is needed to provide just punishment. Accordingly, the Court finds that the Section 3553(a) factors weigh against release.

## IV. CONCLUSION

For the reasons expressed above, Gonzalez's Motion (ECF No. 691) is **DENIED**.

Dated: October 17, 2022

/s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge